UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHELLE SCHWARTZ,

                                            Plaintiff,

       -against-

JZANUS LTD.,

                                         Defendant.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-480 (JMA) (SIL)

**Appearances**

Craig B. Sanders
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
    *Attorney for Plaintiff*

Theodore Snyder
Murphy & McGonigle, P.C.
1185 Avenue of The Americas, 21st Floor
New York, NY 10036
    *Attorney for Defendant*

**AZRACK, United States District**

On January 29, 2021, Plaintiff commenced this action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"). (ECF No. 1.) On February 25, 2021, Defendant served a Rule 68 offer of judgment on Plaintiff and on March 8, 2021, Plaintiff filed an acceptance of the offer of judgment with the Court. (ECF No. 10.) On April 29, 2021, the Court entered judgment for Plaintiff in the amount of $1,001.00 plus reasonable attorneys' fees and costs through the date of the offer of judgment. (ECF No. 12.)

Plaintiff subsequently filed a motion for attorneys' fees and costs. (ECF No. 13.) Plaintiff requests attorneys' fees of $5,447.50 for 17.7 hours of work and costs in the amount of $498.60.

1

Defendant opposes the motion and asks instead that the Court deny the motion in its entirety or limit it to the sum of $1,001. For the reasons set forth below, Plaintiff's motion for attorneys' fees is granted in part, for the amount of $3,604.30, and Plaintiff's motion for costs is granted in the amount of $498.60 for a total of $4,102.90.

### A. <u>Attorneys' Fees</u>

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In the Second Circuit, reasonable fees are calculated by determining "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." <u>Simmons v. N.Y. Trans. Auth.</u>, 575 F.3d 170, 174 (2d Cir. 2009). A reasonable fee is calculated by multiplying an attorney's reasonable hourly rate by the number of hours reasonably expended. <u>Id.</u>

A reasonable hourly rate is the "prevailing market rate," or the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 896 n.11 (1984). "[T]he Court must determine a reasonable hourly rate for the legal services performed, using factors such as the labor and skill required, the difficulty of the questions, the attorney's customary hourly rate, and the experience, reputation and ability of the attorney." <u>Chudomel v. Dynamic Recovery Servs., Inc.</u>, No. 12–CV–5365, 2013 WL 5970613, at *10 (E.D.N.Y. Nov. 8, 2013). Here, Plaintiff states in her memorandum of law that she is requesting the hourly rates that were recently awarded in another FDCPA action brought by Plaintiff's counsel. (Pl. Brief at 5-6); <u>Datiz v. Int'l Recovery Assocs., Inc.</u>, No. 15-CV-3549, 2020 WL 3790348, at *4 (E.D.N.Y. July 7, 2020) (awarding $370 per hour for partner Craig B. Sanders; $240 per hour for senior associate Jonathan M. Cader; $150 per hour

2

for a junior associate; and $85 per hour for paralegal-equivalent work).  However, Plaintiff's memorandum of law then asks for a different hourly rate for associate and paralegal work: $300 for senior associates; $200 for junior associates; and $90 for paralegal time. (Pl. Brief at 5-6.) Plaintiff also submits billing records in support of the motion that were used to calculate the total amount requested, which include yet another set of different hourly rates:  $375 for partners Craig B. Sanders and David Barshay; $350 for senior associate Jonathan Cader; and $90 for paralegal work.  (ECF No. 13-3.)  Despite the confusion in Plaintiff's submissions, the Court finds that the hourly rates awarded in Datiz are reasonable: $370 per hour for partners Craig B. Sanders and David Barshay; $240 per hour for senior associate Jonathan M. Cader; and $85 per hour for paralegal work.

Second, the Court must determine the number of hours the attorneys reasonably expended on the litigation.  "District courts are given broad discretion to evaluate the reasonableness of the hours expended." Nicaisse v. Mel S. Harris & Assocs., LLC, No. 14-CV-1569, 2015 WL 5561296, at *3 (E.D.N.Y. Sept. 19, 2015) (quoting Marshall v. Reisman, No. 11-CV-5764, 2013 WL 1563335, at *4 (E.D.N.Y. Mar. 25, 2013)).  The number of reasonable hours is calculated by taking the hours actually expended less any "excessive, redundant, or otherwise unnecessary" time. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  "A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records." Labarbera v. ASTC Lab'ys Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010).

Here, Plaintiff's counsel submitted an affidavit indicating that counsel spent 17.7 hours litigating this case. (See ECF No. 13-3.)  Much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate. See De La Paz v. Rubin & Rothman, LLC, No. 11-cv-9625, 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013) ("Uniform

3

percentage cutbacks are also warranted where, as here, attorneys seek to recover for time spent completing administrative tasks or work that should have been performed by lower-billing attorneys."). Additionally, some of the work appears to be duplicative of work conducted in other similar FDCPA cases handled by the same counsel. This case was also resolved by a Rule 68 offer of judgment prior to any motion practice or discovery. The Court finds it is appropriate to reduce the number of hours claimed by 30 percent. See Datiz, 2020 WL 3790348, at *5 (reducing number of hours claimed by Plaintiff's law firm by 40 percent); Seeger v. Ross & Assocs., No. 18-CV-03969, 2019 WL 5695944, at *6 (E.D.N.Y. Aug. 6, 2019) (reducing number of hours claimed by Plaintiff's law firm by 20 percent). The reasonable hours expended by the attorneys in this case is therefore 12.39 hours.

Accordingly, the Court determines that attorneys' fees in the amount of $3,604.30 are reasonable.

**B. Costs**

The Court determines that reimbursement of costs of $498.60 requested by Plaintiff is reasonable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.")

For the reasons explained above, Plaintiff's motion for attorneys' fees is granted in part, for the amount of $3,604.30, and Plaintiff's motion for costs is granted in the amount of $498.60 for a total of $4,102.90.

**SO ORDERED.**

Dated: February 28, 2022
Central Islip, New York

                                           /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE